**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4061**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BENJAMIN BOLIN,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Aiken.   Margaret B. Seymour, District Judge.
(1:04-cr-00121)

———————————

Submitted:  August 27, 2007        Decided:  September 10, 2007

———————————

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Katherine E. Evatt, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  Reginald I. Lloyd, United States
Attorney, Tara L. McGregor, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Bolin pleaded guilty to possession of a firearm after having been convicted of criminal domestic violence in violation of 18 U.S.C.A. §§ 922(g)(1), 922(g)(9), 924(a), 924(e) (West 2000 & Supp. 2007); and making a false statement to a federal firearms dealer in violation of 18 U.S.C. §§ 922(a)(6), 922(g)(1), 924(a)(2)(2000). Bolin appeals, arguing his sentence was improperly enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2007). For the reasons that follow, we affirm.

In the Presentence Report (PSR) prepared prior to sentencing, the probation officer determined that Bolin qualified as an armed career offender based on two prior felony convictions for criminal domestic violence and one prior felony conviction for failure to stop for a blue light. Bolin objected to the enhancement, contending that his 1995 and 1996 domestic violence convictions could not serve as predicate felonies. Bolin argued that because the felony convictions (third and fourth domestic violence offenses) were predicated on misdemeanor domestic violence convictions (first and second offenses) for which he was not afforded the right to counsel, the 1995 and 1996 convictions could not result in criminal history points or armed career offender status. See Alabama v. Shelton, 535 U.S. 654, 662 (2002) (a suspended or probated sentence that may result in the deprivation

- 2 -

of liberty in the form of imprisonment may not be imposed unless the defendant was accorded the right to counsel). The district court overruled the objection because Bolin was represented by counsel on the felony charges, and it appeared that only fines were imposed for the misdemeanor convictions, so Bolin did not have a right to counsel. See Scott v. Illinois, 440 U.S. 367, 373-74 (1979). The court sentenced Bolin to 180 months, the mandatory minimum sentence under the ACCA.

Bolin again challenges on appeal the use of his two criminal domestic violence felony convictions to designate him as an armed career offender; however, his objection on appeal rests on an entirely different basis than his objection below. On appeal, he cites Apprendi v. New Jersey, 530 U.S. 466 (2000), and argues that the 1995 and 1996 felony convictions could not serve as predicates for ACCA enhancement because the record does not establish that the jury found the existence of the underlying misdemeanor first and second offenses beyond a reasonable doubt. To the extent that this issue is cognizable, because he raises it for the first time on appeal, this court's review is for plain error.[1] See United States v. White, 405 F.3d 208, 215 (4th Cir.),

---

[1]While Bolin relies on Shepard v. United States, 544 U.S. 13, 25 (2005), for support, he appears to ask this court to do what is not permitted under Shepard — that is, to resolve disputed facts about a prior conviction that are not evident from the "conclusive significance of a prior judicial record" in order to reassess his criminal history.

<u>cert. denied</u>, 126 S. Ct. 668 (2005).  To establish plain error, Bolin must show that an error occurred, that it was plain, and that it affected his substantial rights.[2]  <u>Id.</u>

Bolin asserts that when he was convicted of the criminal domestic violence felonies, the existence of the prior misdemeanors was found by the judge at sentencing, under a preponderance of the evidence standard, rather than by the jury.  However, it is not clear that Bolin's factual premise is correct.  According to the PSR, the fact of Bolin's previous domestic violence convictions was alleged in the felony domestic violence indictments.  More significantly, even assuming Bolin is correct, the fact that the misdemeanor convictions were found by the judge at sentencing does not undermine the validity of the felony convictions because the fact of a prior conviction need not be submitted to a jury and proved beyond a reasonable doubt.  <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 233-36, 243-44 (1998); <u>see also</u> <u>United States v. Cheek</u>, 415 F.3d 349, 351-54 (4th Cir.) (reaffirming continuing validity of <u>Almendarez-Torres</u> after <u>United States v. Booker</u>, 543 U.S. 220 (2005)), <u>cert. denied</u>, 126 S. Ct. 640 (2005).

Accordingly, we affirm Bolin's convictions and sentence. We dispense with oral argument because the facts and legal

---

[2]Although Bolin asserts that the standard of review is de novo, because the district court did not err under either standard, the standard of review is not determinative.

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED